## COOK v. TRACTION COMPANY.

1. A motion for new trial will be overruled where the facts are all within the province of the jury to determine.
2. Each party has a right in governing his own conduct to assume that the other will perform his duty also and act accordingly, unless and until he sees or by the exercise of ordinary care might see, that it is dangerous to do so. But a party can not be permitted to neglect his own means of self-preservation in reliance upon such assumption.
3. The plaintiff has the burden of showing, in connection with defendant's negligence, that he (plaintiff) could not, by the exercise of ordinary care, have avoided the consequences of such negligence.

HOSEA, J.

Motion for new trial.

After a painstaking review of all the testimony, and a careful consideration of the legal questions involved, I am led to the conclusion, notwithstanding the very able presentation by the attorneys for plaintiff, that the matters in issue were all strictly within the functions of the jury to determine and that the court would not be justified in setting aside the verdict.

The plaintiff, driving toward town, was in the out-bound track of the street car line, where he knew cars frequently passed, and that one was expected at about that time.

The out-bound car was traveling at a speed variously estimated from eight to twelve miles per hour, and the motorman saw plaintiff's horse and wagon about one thousand feet away, coming toward him; but, owing to an intervening curve in the track, could not tell whether plaintiff was in the tracks or at the side, until he reached the curve. He saw plaintiff's wagon in the track, as he admits, at fifty to seventy-five feet distance, realized his peril, and immediately applied the reverse; but it was impossible to stop in time to avoid the collision.

Plaintiff testifies that he did not see the car until right

upon him, although the evidence shows that the headlight was burning. Plaintiff's wagon was closed in front with glass, on which frost had accumulated, but he kept a peep-hole open, by which he could see forward.

The time was about daylight, but snow covered the ground and objects could be seen at a considerable distance.

The duties of both parties as to safety are reasonably clear.

"Each party has a right, in governing his own conduct, to assume that all others will perform their duties also, and act accordingly; unless, and until, he sees, or, by the exercise of ordinary care, might see, that it is dangerous to do so. But it will not permit a party, in reliance on such an assumption, to neglect his own means of self preservation." *Sh. & Redf. on Negligence,* § 92 and notes.

The motorman was undoubtedly justified, in this instance, in supposing that his car, being in full view of the approaching wagon, was seen by the driver; and that the latter, if in the track, would turn out in due time. There seems to be no beginning-point for a charge of negligence against the defendant until the curve was reached and the actual position of plaintiff realized. The car being on a downgrade, with brakes set (though to some extent defective), it was necessary for the motorman to throw off the brakes and apply the reverse—which took an appreciable interval of time.

So that it is not unreasonable to believe that the car could not have been stopped in time to avoid the collision, even if the sanding apparatus had been in good order. On the other hand, the plaintiff is chargeable with direct notice of his dangerous position in the outgoing track from the time he entered upon it. He, therefore, by the exercise of his faculties could have seen the car one thousand feet away, and could have turned out at any time, even when the car was only seventy-five feet away.

So that, even if mutual negligence be assumed, and the exception to the rule be invoked in plaintiff's favor, he is still barred of recovery under the rule established in Ohio, as follows:

"The law in cases of mutual negligence is, that, although there may have been negligence on the part of plaintiff, yet, *unless he might, by the exercise of ordinary care, have avoided the consequences of the defendant's negligence,* he is entitled to recover." *R. R.* v. *Crawford,* 24 O. S., 631, (638), citing *Timmons* v. *R. R.,* 6 O. S., 105."

This rule clearly puts upon the plaintiff the burden of showing, in connection with the negligence of defendant, that plaintiff could not, by the exercise of ordinary care, have avoided the consequences of it.

In the present case there seem to be but two theories that may explain the failure of plaintiff to see the defendant's car; one, that he was asleep, and the other, that he had carelessly allowed the peep-hole in his glass window to become obscured by frost. Of these the first is the more probable, because, in the latter case, he should have been attracted by the flash of the headlight, even through the frosted window, at quite a distance away.

But either condition would be fatal, because it would have prevented plaintiff from taking ordinary care—that it, exercising his faculties of observation—to avoid the injury.

Entertaining these views, I am compelled to deny the motion for new trial.

Motion overruled.

*Clore, Dickerson & Clayton,* for plaintiff.
*Kittredge & Wilby,* for defendant.